# STATE OF FLORIDA v ABERCROMBIE

## Case No. 85-15364

County Court, Duval County

April 25, 1986

**APPEARANCES OF COUNSEL**

**Lance Day,** Assistant State Attorney, for plaintiff.

**Henry M. Coxe, III** for defendant.

## OPINION OF THE COURT

JOHN E. MATHEWS, County Judge.

THIS MATTER came to be heard upon the Defendant's Motion to Suppress. The Court received testimony of two arresting officers, a correctional officer who administered an intoxilyzer and urine examination and a toxicologist of the Florida Department of Law Enforcement.

The Court also received in evidence several exhibits offered during the foregoing testimony. The Court then heard argument of counsel for the State and counsel for the Defendant on April 8, 1986.

Based upon the evidence presented and the argument of counsel, the Court hereby finds:

1. Although the Defendant has raised in his Motion and in hearings and argument the legality of the seizure of the Defendant's urine, the Court finds it unnecessary to reach that issue for purposes of resolving the Defendant's Motion;

2. The testimony presented by the State that an unquantified amount of cocaine was determined to be present in the Defendant's urine which was seized subsequent to his arrest demonstrates at best, and in the light most favorable to the State, that the cocaine might *possibly* have been present in the Defendant's bloodstream at the time of his arrest for purposes of influencing the Defendant's normal faculties;

3. The probative value of the foregoing testimony falls dramatically short of constituting relevant testimony for purposes of being admissible in a trial of the Defendant for driving under the influence of alcohol or controlled substances; and

4. Introduction of the foregoing testimony that the cocaine might *possibly* have been in the Defendant's bloodstream at the time of his arrest or at the time of the alleged offense constitutes a "fishing expedition" by the State in search of some explanation to offer to the trier of fact for the alleged impairment of the Defendant's normal faculties.

5. Even if the foregoing testimony might be relevant, the prejudicial effect of said testimony would clearly outweigh any such probative value. (Section 90.403, Florida Statutes.)

The Court finds that the issue herein constitutes an issue of extreme public important. The following issue is, therefore, certified to the District Court of Appeal, First District:

IS EVIDENCE OF THE MERE PRESENCE OF COCAINE IN THE DEFENDANT'S URINE, IN AN UNQUANTIFIED AMOUNT, ADMISSIBLE IN A TRIAL OF THE DEFENDANT FOR A CHARGE OF DRIVING UNDER THE INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE WHEN, CONSIDERED IN A LIGHT MOST FAVORABLE TO THE STATE, THE COCAINE MIGHT POSSIBLY HAVE BEEN IN THE DEFENDANT'S BLOODSTREAM TO BE ABLE TO INFLUENCE HIS NORMAL FACULTIES?

129

It is therefore

ORDERED AND ADJUDGED that the Defendant's Motion to Suppress is granted.